ASH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Sasha Douglas Irwin,

Plaintiff,

v.

Tanner Davison, et al.,

Defendants.

No. CV 18-03409-PHX-SRB (DMF)

**ORDER**

On or about September 28, 2018, Plaintiff Sasha Douglas Irwin, who is confined in a Maricopa County Jail, filed a pro se Complaint in Maricopa County Superior Court. Defendants were served shortly thereafter, and, on October 23, 2018, timely removed the matter to this Court and paid the filing fee. By Order dated November 20, 2018, the Court dismissed the Complaint with leave to amend because Plaintiff had failed to comply with Rule 3.4 of the Local Rules of Civil Procedure. Plaintiff was provided with 30 days in which to file an amended complaint that cured the deficiencies identified in the Order.

On December 21, 2018, Plaintiff filed a First Amended Complaint (Doc. 5). The Court will order Defendant Davison to answer Count One of the First Amended Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28

U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**II.  First Amended Complaint**

In his four-count First Amended Complaint, Plaintiff names Maricopa County Sheriff's Deputies Tanner Davison, D. Mascorro, J. Pittman, and G. Lessor as Defendants. Plaintiff seeks monetary relief, and "want[s] all criminal charges from this incident

dismissed."

Plaintiff styles Count One as an excessive force claim.[1] Plaintiff alleges that on November 11, 2017, he "was in fear for [his] life and needed help so [he] asked several people to call the police for [him]." Police were alerted to an "unknown trouble" and that "someone was screaming inaudible things," and responded to the scene. When they arrived, "sheriff's deputies" surrounded Plaintiff, "gang tackled" him, and placed him in handcuffs. While handcuffed and lying face down on the ground, Defendant Davison started "punching [Plaintiff] repeatedly in the face and body." Plaintiff began choking on his own blood, "quit breathing," and had to be rushed to a hospital and revived. Plaintiff spent the next five days in a coma on life support.

Plaintiff styles Count Two as related to "unlawful deadly force," and largely reasserts his allegations from Count One. The Court will construe this claim as another claim of excessive force, and will dismiss it as duplicative of Count One.

Plaintiff styles Count Three as an illegal search and seizure under the Fourth Amendment. Plaintiff alleges that "since all [police] knew from the dispatcher was that there was an unknown trouble and someone was screaming," police had no reason to think that Plaintiff had committed a crime. Nevertheless, Plaintiff alleges that Mascorro, Pittman, and Lessor "illegally seized" him, and "the police report says that they searched me so they must have done that" too.

Plaintiff styles Count Four as a due process claim, and alleges that the Defendants unlawfully arrested him because they "had no probable cause." As such, the Court will construe this claim as a second claim of unlawful arrest, and dismiss it as duplicative of Count Three.

### III. Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants

---

[1] Although Plaintiff cites the Fourth, Fifth, and Fourteenth Amendments as relevant to this claim, it appears from Plaintiff's allegations that only the Fourth Amendment is implicated in this claim. The Fifth Amendment simply does not protect against uses of excessive force. Similarly, because Plaintiff was an arrestee — rather than a pre-trial detainee — the Fourteenth Amendment is not implicated.

TERMPSREF

- 3 -

(2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### A. Count One

The use of excessive force by police officers in the course of an arrest can violate the arrestee's Fourth Amendment right to be free from unreasonable seizures. *See White by White v. Pierce County*, 797 F.2d 812, 816 (9th Cir. 1986). The Fourth Amendment does not prohibit the use of reasonable force. *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1095 (9th Cir. 2006). Whether the force was excessive depends on "whether the officers' actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Tatum*, 441 F.3d at 1095; *Lolli v. County of Orange*, 351 F.3d 410, 415 (9th Cir. 2003). The Court must balance the nature and quality of the intrusion against the countervailing governmental interests at stake. *Graham*, 490 U.S. at 396; *Lolli*, 351 F.3d at 415. Moreover,

> [t]he "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . . . "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment.

*Graham*, 490 U.S. at 396 (citations omitted). "Whether a particular use of force was 'objectively reasonable' depends on several factors, including the severity of the crime that prompted the use of force, the threat posed by a suspect to the police or to others, and whether the suspect was resisting arrest." *Tatum*, 441 F.3d at 1095.

Here, Plaintiff alleges that "sheriff's officers" gang tackled and handcuffed him. To the extent these allegations are directed at Defendants Mascorro, Pittman, and Lessor, Plaintiff has failed to state a claim. Plaintiff has failed to allege facts supporting what *each*, *individual* Defendant allegedly did. Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.* Accordingly, Plaintiff has failed to state a claim in Count One against Defendants Mascorro, Pittman, and Lessor.

### B. Count Three

In Count Three, Plaintiff alleges that he was unlawfully arrested because officers "had no probable cause." The Court notes that Plaintiff is currently facing state criminal charges of criminal damage and disorderly conduct, which appears related to the actions described in the Complaint.[2] In that case, a grand jury has determined that probable cause exists to believe Plaintiff committed those crimes, and indicted him.[3] Accordingly, Plaintiff has failed to state a claim in Count Three because it has been determined that probable cause *did* exist to arrest him. If Plaintiff wishes to contest that determination, his only relief lies in his state criminal proceedings. As such, Count Three will thus be dismissed to the extent Plaintiff alleges that he was illegally arrested.

To the extent Plaintiff alleges that he was illegally searched, he has also failed to state a claim. Plaintiff alleges only that "the police report says that they searched me so they must have done that." Plaintiff does not allege any facts describing *who* searched him, or why it was unreasonable to do so.[4] Accordingly, whether regarded as an illegal search

---

[2] Maricopa County Superior Court case no. CR2018-001090.

[3] *See* Maricopa County Superior Court case no. CR2018-001090 (indictment dated February 6, 2018) (*available at* Maricopa County Superior Court case no. CR2018-001090).

[4] The Court notes that officers are permitted to search a person incident to that person's arrest. *United States v. Smith*, 389 F.3d 944, 950-51 (9th Cir. 2004) ("The search-incident-to-arrest exception permits law enforcement officers to conduct a warrantless

or an illegal seizure, Plaintiff has failed to state a claim in Count Three, and it will thus be dismissed.

### C. Dismissal of State Criminal Charges

Plaintiff requests, in part, that his state criminal charges be dismissed as relief in this action. The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court. The *Younger* abstention doctrine continues to apply while a case works its way through the state appellate process. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989) ("[f]or *Younger* purposes, the State's trial-and-appeals process is treated as a unitary system"); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 608 (1975) ("Virtually all of the evils at which *Younger* is directed would inhere in federal intervention prior to completion of state appellate proceedings, just as surely as they would if such intervention occurred at or before trial.")

"Three requirements have evolved for proper invocation of *Younger*: (1) ongoing state judicial proceedings; (2) implication of an important state interest in the proceedings, and; (3) an adequate opportunity to raise federal questions in the proceedings." *World Famous Drinking Emporium v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir. 1987) (citation omitted).

Based on these criteria, *Younger* abstention is appropriate here. The State's interest in prosecuting Plaintiff is obvious. Plaintiff can adequately litigate his underlying claims related to the propriety of his present prosecution in his ongoing state criminal proceedings. Conversely, the potential for federal-state friction resulting from federal intervention is heightened should this Court interfere with those proceedings. Put another way, if relief is available to Plaintiff in connection with his state criminal proceedings, it lies in the state court. When Plaintiff's state court criminal proceedings have concluded, Plaintiff may seek relief in federal court for any denial of a federally protected right through a petition for writ of habeas corpus. However, Plaintiff should note that federal courts will not

---

search of a person who is arrested, and of his surrounding area, when the search is incident to the arrest.") (citing *Chimel v. California*, 395 U.S. 752, 762-63 (1969)).

entertain a habeas petition until Plaintiff has exhausted his state court remedies, *Rose v. Lundy*, 455 U.S. 509 (1982), and any claim for damages will be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), unless Plaintiff can demonstrate his conviction has previously been reversed or otherwise invalidated, because such a judgment in favor of Plaintiff on these issues would necessarily imply the invalidity of his conviction or sentence. In the meantime, however, Plaintiff's First Amended Complaint will be dismissed to the extent he seeks the dismissal of his ongoing state criminal proceedings.

**IV.     Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has sufficiently stated a Fourth Amendment excessive force claim against Defendant Davison in Count One, and Davison will be required to answer that portion of the First Amended Complaint.

The Court notes that, prior to this Order, Defendant Davison filed an Answer (Doc. 6). As such, no further Answer from Davison is required. The Court will refer this matter to Magistrate Judge Deborah M. Fine for pretrial proceedings.

**V.     Warnings**

**A.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Counts Two, Three, and Four are **dismissed** without prejudice.

(2) Defendants Mascorro, Pittman, and Lessor are **dismissed** without prejudice.

(3) The First Amended Complaint (Doc. 5) is **dismissed to the extent** Plaintiff seeks the dismissal of his state criminal proceedings.

(4) This matter is referred to Magistrate Judge Deborah M. Fine pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 1st day of April, 2019.

_____
Susan R. Bolton
United States District Judge