NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sasha Douglas Irwin,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Tanner Davison, et al.,<br><br>　　　　　Defendants. | No. CV-18-03409-PHX-SRB (DMF)<br><br>**ORDER** |

Defendant filed a Motion for Sanctions after Plaintiff refused to answer questions at two noticed depositions. The sanctions sought are the costs associated with having the court reporter present for the depositions. The Magistrate Judge issued her Report and Recommendation on January 2, 2020 recommending that the motion be granted and sanctions in the amount of $314.60 be imposed to reimburse Defendant for the court reporter costs. Plaintiff has filed a timely objection to which the Defendant has responded.

Plaintiff offers two objections. He first claims he was entitled to a ten day notice before the date of his deposition citing Fed. R. Civ. P. 30(b)(1). This rule does not require a ten day notice. It requires reasonable notice. Plaintiff's deposition was first noticed on July 22, 2019 for July 25, 2019.. It could not proceed that day because Plaintiff was in state court. His deposition was re-noticed on July 31. 2019 for August 7, 2019 and re-noticed again for September 18, 2019. Plaintiff had notice since July 22, 2019 that Defendant intended to depose him. Moreover, Plaintiff's refusal to answer questions on August 7, 2019 was not based on lack of reasonable notice nor did he argue that in his

response to the sanctions motion. Plaintiff's refusal to submit to deposition on August 7, 2019 was recorded by the court reporter. Plaintiff refused to answer any questions because of his intention to file a second amended complaint.

At his deposition scheduled for September 18, 2019, Plaintiff's reasons for refusing to answer any questions were again recorded. He made no claim of lack of notice. Instead, he said he would not answer any questions until he had consulted with his criminal attorney and with "civil attorneys". Plaintiff did assert the short notice in his response to the Motion for Sanctions arguing that he needed to talk to his criminal attorney before answering deposition questions. But Plaintiff never explains why he had not had that discussion with his criminal attorney between July 22 and September 18, 2019.

Plaintiff's objection based on untimely notice is overruled.

Plaintiff's second objection is that he had a legal right to refuse to submit to deposition on August 7, 2019 because of his intention to file a second amended complaint and on September 18, 2019 because he had a constitutional right to not incriminate himself and therefore the right to consult his criminal attorney before answering any questions. As explained by the Magistrate Judge, Plaintiff's intention to file a second amended complaint provides no legal right to refuse to submit to deposition. Plaintiff also had no legal right to refuse to submit to deposition on September 18, 2019 when he had had over a year to consult with counsel, was aware of the discovery deadlines and never sought a protective order from the Court. Plaintiff's second objection is overruled.

Having reviewed the record de novo, the Court finds itself in agreement with the Report and Recommendation of the Magistrate Judge.

IT IS ORDERED overruling Plaintiff's Objections to the Report and Recommendation.

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court. (Doc. 41)

IT IS FURTHER ORDERED granting Defendant's Motion for Sanctions. (Doc. 27)

. . .

1    IT IS FURTHER ORDERED that Plaintiff shall reimburse Defendant $314.60 for
2 the court reporter costs associated with Plaintiff's deposition settings of August 7, 2019
3 and September 18, 2019.

Dated this 6th day of February, 2020.

_____
Susan R. Bolton
United States District Judge